The opinion of the Court was delivered hy
Bermudez, C. J.
The questions raised in this litigation involve tin-validity of the title asserted by the applicants for a monition to the real estate mentioned in their petition.
The applicants substantially aver, that on the 9th of March, 1881, at a tax sale made by virtue of law, they purchased “ two-thirds of lot No. Five, squareNo. One, of Grass Town, City ofBaton Kouge,” assessed as the property and in the name of the heirs of J. J. Dundas; that they paid $1,365 for it. They exhibit the deed issued to them and pray for a monition, and after due course, for the confirmation of the sale.
An opposition was filed to the petition by J. J. Dundas and G. W. Buckner, who, under different titles, claim to he the joint owners of the property described in their opposition, and which is the same as is-claimed hy the applicants, under the description contained in their petition. They attack the purchase averred hy the petitioners, on thirteen different grounds, which might be condensed into two generic ones, which it is superfluous now to mention.
The petitioners first filed exceptions to the right of action of the opponents; one on the ground of want of interest, saying that the title under which they claim had long since been legally divested, and another, on the ground that they could not attack the purchase title collaterally. They next pleaded the general issue, complaining of the vagueness of the allegations of ownership. Foreseeing the possibility of an adverse judgment, they claimed the return of the purchase price ($1,365) and the value of improvements put on the property ($250). They subsequently pleaded that opponents could not engraft a petitory action on their opposition, as á reconventional demand.
From a judgment dismissing their opposition, Dundas and Buckner have appealed.
The record does not disclose what disposition was made of the first exceptions. They were not pressed in this Court, either in the oral or *257 printed argument. The appellees have asked no amendment of the judgment brought up for review. We will, therefore, not notice those exceptions further than to observe that the first belongs to the merits, and that the second is untenable, as tbe opposition is a provoked suit, which the opponents were bound to bring, under penalty of exposing themselves to the grave consequences of a judgment homologating the sale mentioned in the monition proceeding. They could not opiiose without showing an interest. They could not a.ver that interest without claiming title of ownership in themselves to the property.
.In relation to the third exception, which was filed after issue joiued, and which objects to' .the engrafting of a petitory action, as a reconventional demand, in a monition proceeding, we do not feel authorized to consider it, notwithstanding the averment of a consent for the filing of it, which it mentions, and an entry on the minutes, on the day of its filing, as in their brief, counsel for the petitioners admit that it was filed too late, even quoting authority to justify the correctness of the admission.
The litigants treat the opposition as a petitory action, which it no doubt is, hut it must he confessed that the issues are quite irregularly presented.
It is difficult to perceive distinctly on what precise grounds the applicants for the monition assert ownership of the property mentioned'in their petition. They say in that document, that they purchased it at a tax sale, as property assessed to the heirs of J.-J. Dundas, while in their answer to the opposition, they aver title from the State, through Bates, sheriff and tax collector. The answer is no doubt the better exponent of their claim.
Viewing the ease, and dealing with it as we would a petitory action, since the parties regard it in that light, we consider that the petitioners, whom we shall hereafter call defendants, as claiming title to the property, reconventionally, as derived from the State, at a sale made by the direction of the State, by a tax collector. We do so with the less hesitation, as it is .only upon the contingency, that the State had no title that the opponents, the real plaintiffs, can be heard to attack the adjudication relied upon by tbe defendants in the opposition.. In order, however, that these he permitted to recover, they should show not only title once in .the State, hut also a transfer by the State to them. We shall regard the defendants as claiming under an adjudication, not of the property of a delinquent taxpayer, but of the property of the State, acquired from an expropriated taxpayer.
The evidence shows, that J. J. Dundas acquired in 1855, for $6,000, the property described in the opposition, during the existence of the community between him and his wife, since deceased, leaving children. *258 The latter sold their share to Buckner. So that, whatever may he the rights of Dundas and Buckner, inter se, they clearly represent the ownership of the property, and arc still such owners, unless the title was divested by the alleged forfeiture to the State.
In order to establish their title, the defendants offered to introduce the proees verbal of adjudication, or deed made to them by Bates, sheriff and tax collector, March 9, .1871. The objection made to the admission of this document, on account of informality, was overruled. The document was received and a hill was reserved, on which it is unnecessary to pass.
This proees verbal shows that, on the day of its date, Bates, sheriff and tax collector, claiming to act under authority of Act 107 of 1880, offered for sale the property therein described to pay the taxes, penalties, and charges due thereon for a series of years, from 1868 to 1880, both inclusive, aggregating $1,365, and that he adjudicated it for that sum to the Oil Company, who paid the amount. The proees verbal mentions the property as having been sold and forfeited to the State for the taxes due by the heirs of J. J. Dundas, as owners thereof, according to the assessment rolls for the years 1868 to Í880, inclusive, and gives of it the description which is found in the petition for a monition. To show that the property was forfeited to the State, the defendants offered and introduced in evidence, a deed dated July 16th, 1875, purporting to he a tax sale, or deed of forfeiture by Beauregard, tax collector, to the State. That document declares that the property mentioned in it, and which it takes nearly thirteen lines to describe, was seized for the payment of taxes due by J. J. Dundas, the heirs of J. J. Dundas, or owners unknown, as owner or owners thereof, according to the tableaux and assessment rolls for the years 1868 to 1874, both inclusive, at which sale there being no hid offered, by virtue of Act 47 of 1873, particularly of Section 9 thereof, the tax collector being- the. highest and last bidder, the property was adjudicated to him, for the State of Louisiana., for $348.25
Numerous extracts from recorded delinquent lists, for several years, were introduced to show that J. J. Dundas was not on those lists. Similar extracts for two other years were also produced, to show that the property was not returned as delinquent. A witness was heard to prove that the property was not placed on the assessment roll for certain years; that the taxes were paid for two years; that the rolls for certain years are not in the sheriff’s office, and that the property was assessed sometimes to J. J. Dundas, and at other times to the heirs of J. J. Dundas. There is also testimony showing that the $1,365 paid by the Oil Company was paid in part, in depreciated *259 paper. The defendants offered extracts of lists for certain years, and their recordation for those years.
All these extracts describe the property as it is in the petition for a monition and in the beginning-of this opinion, and not at all as it is described in the act of purchase of Dundas, in 1865, or in the proses verbal of adjudication or deed of forfeiture by Beauregard, in 1875, which both contain an extended description, susceptible of being condensed for assessment purposes.
The record is absolutely silent as to tire fulfilment of any of the formalities prescribed by law prior to the alleged adjudication to the State, for the expropriation of property for the payment of taxes.
The variance between the description of the property as given in the assessment roll, and as found in' the Beauregard forfeiture deed, is most material and glaring. There was introduced no evidence to show that the property, as described in the deed, could have been identified with that on the roll, from which it does not in the least appear whether the two-thirds of the lot were to be taken from any particular portion of the square, the streets bounding which are not given. Neither the dimensions, nor the boundaries of .the lot are given. It was not made to appear that there exists any plan of Grass Town, to which reference might have been had, to identify the property. The existence of such a plan is not to be left to inference. The de'scription of urban property, required for assessment purposes, may be made by reference to the plan of the city, town or village, when there exists any, otherwise the property must be designated by the boundaries of the streets within which it is situated, giving in all cases the dimensions, and mentioning the name of the street on which it fronts. Acts of 1869, No. 114, Sec. 34, p. 154; Act of 1871, No. 42, Sec. 32, p. 122. The description should be on the face of the roll, as complete as reasonably possible, and such, that an adjudication of the property would be clearly translative of a title to the whole of. it. Doubt as to the correctness and fulness of the description must necessarily be fatal.
Neither is there any evidence showing fulfilment of the formalities for the expropriation. It does not apirear that there was made any demand for the payment of the taxes alleged to be due \ • that any notice of seizure was actually or constructively served ■, that any advertisement of the sale was published; that the forfeiture by the tax collector was ever confirmed by the State Auditor. Vide Act 47 of 1873, Section 9; 30 A. 871; Blackwell, Tax Sales, 534, 536.
When those exigencies of the law in these particulars have not been satisfied, an adjudication of the property does not expropriate. The ownership of the property continues to remain unconditionally in the *260 delinquent tax payer. Blackwell, Tax Sales, pp. 66, 336, 121, 287, 114; 1 A. 20; 14 A. 709; 15 A. 15; 20 A. 560; 29 A. 416, 508, 112; 30 A. 871; 32 A. 228; 33 A. 525.
An appeal to Sections 76 of Act No. 114 of 1869, p. 161, and 68 of Act No. 42 of 1871, p. 122, cannot relieve the defendants. Those laws are to the effect, that the list of verification, when filed in the office of the Auditor, shall be entered by him in a record kept for that purpose, and shall vest, from the day of filing, a title to the lands and lots therein returned, to the State, which shall be impeachable only on pi'oof that taxes for the non-payment whereof the lands were returned forfeited had been, in fact, paid to the collector before the return of the list to the recorder.
Whatever the object and meaning of those laws be, and upon whomsoever the burden of proof may rest to justify or defeat a title said to have vested in the State, it is clear that in this case a forfeiture to the State cannot be held valid, unless the property said to have been forfeited was correctly assessed, by giving- its description by boundaries oi' measurement, and the names of its owner, or owners, when known.
The evidesice clearly establishes that the property was grossly misdescribed and likewise improperly assessed, by being put in the ríame of the heirs of a living person.
From whatever standpoint the matter may bo viewed, the forfeiture claimed cannot be recognized. The State having acquired no title, could transfer none. The adjudication or forfeiture by Beauregard, collector, being a nullity, the defendants could 3iot and did 3iot purchase. ISuMato fundamento, eadit opus.
This viow of the case l’elieves 3is from the necessity of passhig upon the validity of the adjudication by Bates, sheriff, and upon the ideas of prescription filed by tire defendants.
We will now proceed to consider the second branch of the case.
We are unable to allow presently the claim in reconventhui for the return of the purchase price and for the value of the improvements.
We recognize, however, the right of the defendants to be reimbursed the amount of the taxes paid, exclusive of the penalties, costs and charges, arid without interest. In the absence of evidence showing what proportion of that amount was satisfied in lawful mosioy, and which in depreciated paper asid the value thereof, and in default of proof of the fact of the putting up and value of the improvements, (if the defendants be entitled to recover the same) we can render no money judgment.
Our conclusions on these points are supported by the rulings in Stafford vs. Twitchell, 33 A. 525; and in Hopkins vs. Succession of *261 Daunoy, lb. (not yet published) O. B. 55, Fol. 437, and authorities cited.
It is therefore ordered and decreed, that the judgment of the lower court be reversed, and proceeding to render such judgment as should have been rendered,
It is ordered, adjudged and decreed, that the opponents, J. J. Dundas and G. W. Buckner, be recognized as the owners of the property described in their opposition and claimed by the Baton Rouge Oil Works, under the description in their petition for' a monition, their claim thereto being rejected, and that they, the opponents, be put in possession thereof.
It is further ordered, adjudged and decreed, that the case be remanded to the lower court, for the trial of the claim of the Baton Rouge Oil Works, for the return of the amount paid for the taxes assessed on the property, exclusive of penalties, costs and charges of sale and interest, and for the value of the improvements, without any restriction as to the scope of inquiry and decision on the right of recovery for such cause, the case to be further proceeded with in accordance with the views herein expressed and otherwise, according to law.
It is further ordered, that the appellees pay costs in both Courts.